Helen W. **ROBBINS** and Duwaine Robbins, Plaintiffs,

v.

**RYAN'S FAMILY STEAK HOUSES EAST, INC.**, Defendant.

No. CIV.A. 3:03–CV–753BN.

United States District Court, S.D. Mississippi, Jackson Division.

Sept. 16, 2004.

William L. Waller, Sr., Glenn S. Swartzfager, Waller & Waller, Jackson, MS, for Helen W. Robbins, Duwaine Robbins, plaintiffs.

Timothy D. Crawley, Anderson, Crawley & Burke, PLLC, Ridgeland, MS, for Ryan's Family Steak Houses East, Inc., defendant.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the following Motions:

1) the Motion of Ryan's Family Steak House East, Inc. (hereinafter "Ryan's") to Strike Plaintiffs' Supplemental Discovery Responses; and

2) the Motion of Ryan's to Quash Deposition.

Having considered the Motions and Responses, as well as supporting and opposing authority, the Court finds that both Motions are well taken and that both should be granted.

### I. Factual Background and Procedural History

Plaintiffs' filed the subject Complaint in this Court on May 28, 2003. The Plaintiffs, Helen Robbins (hereinafter "H. Robbins") and Duwaine Robbins (hereinafter "D. Robbins") are wife and husband. H. Robbins alleges that she was injured when she slipped and fell at a restaurant facility owned by Ryan's. She contends that the slip and fall was caused by an unreasonably dangerous condition at Ryan's. The alleged dangerous condition that caused her fall was a puddle of water which originated from a utensil counter and/or the drain from an ice maker.

H. Robbins claims that as a result of the accident, she suffered physical injuries, emotional injuries and wage loss, both past and present. She also contends that she has incurred medical expenses, and will incur additional medical expenses in the future as a result of the subject injuries. D. Robbins claims are for the loss of consortium, society, companionship and services of H. Robbins. Plaintiffs seek total compensatory damages of $10,000,000 and total punitive damages of $22,500,000.

### II. Analysis—Motion to Strike Plaintiffs' Supplemental Discovery Responses

The Motion to Strike Plaintiffs' Supplemental Discovery Responses (hereinafter "Motion to Strike") was filed with the Clerk of the Court on September 7, 2004. The supplemental discovery responses that Ryan's is attempting to strike pertain in part to Plaintiffs' purported supplemental expert designations, which were included in a pleading titled Plaintiffs' Supplemental Answers [to] Defendant's First Set of Interrogatories and Request for Production (hereinafter "Supplemental Responses").[1] Functionally speaking, Ryan's is attempting to strike Plaintiffs' experts through this prayer for relief. Additional background facts must be set forth to analyze this issue.

The original Case Management Order established a discovery cutoff date of May 4, 2004, and a deadline for Plaintiffs' expert designations of February 4, 2004.[2] An Agreed Amended Case Management Order extended the discovery cutoff date to May 24, 2004, and Plaintiffs' expert designations deadline to February 24, 2004.[3] On February 24, 2004, Plaintiffs served Ryan's with

---

1. Plaintiffs' Supplemental Responses are attached as Exhibit "A" to the Motion to Strike. Ryan's is also attempting to strike the other responses and/or evidence propounded to it through the Supplemental Responses. That prayer for relief is further considered below.

2. The Case Management Order was filed with the Clerk of the Court on October 7, 2003, under docket entry no. 8.

3. The Agreed Amended Case Management Order was filed with the Clerk of the Court on February 10, 2004, under docket entry no. 15.

their Preliminary Designation of Expert Witnesses (hereinafter "Plaintiffs' Preliminary Expert Designation").[4] Plaintiffs' Preliminary Expert Designation contained nothing more than names and addresses of six medical doctors. Nothing regarding their status as H. Robbins' treating physicians, their opinions or their proposed testimony was stated in Plaintiffs' Preliminary Expert Designation.

On September 2, 2004, Plaintiffs propounded their Supplemental Responses to Ryan's. Through the Supplemental Responses, Plaintiffs for the first time gave the substance of the proposed expert testimony of two of H. Robbins' treating physicians, Dr. Gene Barrett and Dr. Bruce Senter. The Court notes that the Supplemental Responses were served on Ryan's over six months after Plaintiffs' expert designation deadline, over three months after the discovery cutoff deadline, only eight days before the pre-trial conference and only about one month before the beginning of the trial calendar on which this cause is set for trial. Ryan's contends that Plaintiffs' experts should not be allowed to testify at trial because of the dilatory nature of this supplement to Plaintiffs' Preliminary Expert Designation.

Deciding whether the designation of H. Robbins' treating physicians as experts should be stricken in this case gives the Court an opportunity to expound upon the requirements of Rule 26(a) of the Federal Rules of Civil Procedure and of Rule 26.1(A) of the Uniform Local Rules of the Northern and Southern Districts of Mississippi. These rules pertain in relevant part to required disclosure procedures and designation procedures regarding experts. As set forth below, the rules and corresponding Advisory Committee Notes treat disclosure procedures and expert designation procedures of *treating physician* experts differently as compared to expert witnesses in general.[5]

Rule 26(a)(2) of the Federal Rules states in part:

(2) **Disclosure of Expert Testimony.**

(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

(C) These disclosures shall be made at the times and in the sequence directed by the court.

Rule 26.1(A) of the Uniform Local Rules states in part:

(2) **Expert Witnesses.** As soon as it is obtained, but in any event no later than the time specified in the case management order, a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Fed.R.Evid. 702, 703, or 705.

---

**4.** A copy of Plaintiffs' Preliminary Expert Designation is attached as Exhibit "A" to Plaintiffs' Combined Response to Defendant's Motion to Quash Deposition and Motion to Strike Plaintiffs' Supplemental Discovery Responses.

**5.** The Court notes that the different treatment applies only to treating physicians, not to non-treating physicians, sometimes referenced as "hired gun" physicians, who are retained to offer expert opinions for a calling party.

(a) This disclosure shall, with respect to a witness who is retained or specifically employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.

(b) For purposes of this section, a written report is "prepared and signed" by the expert witness when the witness executes the report after review.

(c) The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

(d) An attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken upon proper motion or sua sponte by the court.

(e) Discovery regarding experts shall be completed within the discovery period. The court will allow the subsequent designation and/or discovery of expert witnesses only upon a showing of good cause.

(f) A party shall designate treating physicians as experts pursuant to this rule, but is only required to provide the facts known and opinions held by the treating physician(s) and a summary of the grounds therefor.

(g) A party is required to supplement an expert's opinion in accordance with Fed.R.Civ.P. 26(e) and subsection (A)(7) [sic] [6] of this rule as if a discovery request had been made.

(3) **Failure to Disclose.** A party who, without substantial justification, fails to disclose information required by subsection (A) of this Rule shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

(a) If a party fails to make a disclosure required by this section, any other party shall move to compel disclosure and for appropriate sanctions pursuant to Fed.R.Civ.P. 37(a). The failure to take immediate action and seek court intervention if necessary when a known disclosure violation occurs will be considered by the court in determining the appropriate sanctions to be imposed regarding a subsequent motion filed pursuant to Fed.R.Civ.P. 37(c).

(b) All parties shall make their initial disclosures based on the information then reasonably available to them. The parties are not excused from making such disclosures because they have not fully completed their investigations of the case or because they challenge the sufficiency of another party's disclosures or because another party has not made its disclosures.

(5) **Supplementation of Disclosures.** A party who has made a pre-discovery disclosure is under a duty to supplement or correct the disclosure to include information thereafter acquired. A party is under a duty to supplement at appropriate intervals and in no event later than the discovery cut-off established by the scheduling order.

**6.** This reference to "subsection (A)(7)" in the Uniform Local Rules should actually be a reference to "subsection (A)(5)." There was apparently a typographical error in the publishing process of the Uniform Local Rules.

A comparison of the two rules reveals that the Uniform Local Rule includes verbatim much of the corresponding Federal Rule.

Sub-paragraph 26.1(A)(2)(f) of the Uniform Local Rules was adopted in order to relieve busy treating physicians of the onerous task of keeping records of the information required of expert witnesses by Federal Rule 26(a)(2)(A) and Uniform Local Rule 26.1(A)(2)(c) and to clarify that treating physicians ordinarily must be designated as expert witnesses. This latter purpose was perceived by this District as necessary to address the statement in the Advisory Committee Notes to the 1983 Amendments to the Federal Rules which states in part:

> The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report. By local rule, order, or written stipulation, the requirement of a written report may be waived for particular experts or imposed upon additional persons who will provide opinions under Rule 702.

■ Thus, in this District treating physicians must be designated as expert witnesses and they must be so designated in a timely manner. Federal Rule 26(a)(2)(C) states that the disclosures shall be made "at the times and in the sequence directed by the court." It is customary in this District for those time and sequence designations to be set by the magistrate judge assigned to the case at the case management conference (referred to in the Federal Rules as the Rule 26(f) conference) with the input of the attorneys.

■ Both the Federal Rule and the Uniform Local Rule require that the disclosures of the required information of expert witnesses be made through a written report signed by the witness. Thus, the best practice is for the attorney to comply with the rules explicitly and submit to the other party a "written report prepared and signed by the witness." However, recognizing the difficul-

ty of obtaining such report from some physicians and the expense thereof, the court may allow, in some instances, for the office records of the calling party's treating physician to be submitted in lieu of a written and signed report. In such instances, the treating physician will be limited at trial to testifying only to those opinions expressed in the office records. Thus, if the attorney wishes to elicit from the treating physician an opinion not set forth in the physician's office records, he should submit a written report signed by the treating physician as required by the rules or suffer the consequence of having an objection to that opinion sustained at trial.

■ In rare instances a treating physician may be called to testify as to basic facts known to him as the treating physician without expressing any opinion at all. It can be argued that such a witness is simply a fact witness who happens to be a physician and that the calling party should not be required to comply with the rules regarding expert witness disclosures. This situation is one that is a departure from the ordinary situation contemplated by the rules and is left to the discretion of the trial judge. Prudent practitioners would best comply with the rules or obtain permission from the court in advance if a deviation from the rules is expected.

■ Based on the analysis presented above, as well as the binding provisions of Federal Rule 26 and Uniform Local Rule 26.1, the Court finds that Plaintiffs' Preliminary Expert Designation was woefully inadequate. The Court further finds that Plaintiffs' attempt to cure this inadequacy through their Supplemental Responses was egregiously dilatory. The following analysis considers the ramifications of Plaintiffs' actions.

■ If a party violates Federal Rule 26(a)(2)(A), a trial court has the discretion to strike an expert designation. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882–83 (5th Cir.2004). The *Hamburger* court set forth four factors that a district court must consider in exercising such discretion. The factors are: "(1) the explana-

tion for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id.* at 883 (citation omitted). This Court will apply each of these factors to the facts of this case.

Under factor one, the Court must consider the reason for the late designation of H. Robbins' treating physicians. As Plaintiffs offer no explanation for the late designation, this factor favors striking Plaintiffs' experts.

The second factor that must be considered is the relative importance of the testimony of H. Robbins' treating physicians. Such testimony is of a degree of importance that the Court must find that this factor weighs in favor of allowing the experts to testify.

Third, the Court considers the potential prejudice to Ryan's if the treating physicians are allowed to testify. The Court finds that the prejudice to Ryan's would be great. Ryan's should not be required to prepare for the testimony of two experts on the eve of trial. This factor weighs in favor of striking Plaintiffs' experts.

■ The fourth factor is whether a trial continuance would cure the potential prejudice to Ryan's if the experts are allowed to testify. A trial continuance would obviously ameliorate the prejudice to Ryan's if H. Robbins' treating physicians are allowed to testify. However, if other factors support striking an expert's designation, then a district court is not required to continue a trial. *Hamburger,* 361 F.3d at 883–84. "Otherwise, the failure to satisfy the rules would never result in exclusion, but only in a continuance. Because of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance." *Id.* at 884. Based on this holding in *Hamburger,* and based on the facts and circumstances of this case, the Court finds that a continuance of the trial to allow Ryan's to prepare for the testimony of Plaintiffs' treating physician experts is not warranted.

Three of the four factors set forth by the *Hamburger* court favor striking Plaintiffs' Expert Designations. This Court therefore finds that Plaintiffs' expert witnesses should be stricken, and that those witnesses will be barred from presenting testimony at the trial of this cause.

■ Ryan's also seeks to preclude Plaintiffs from presenting as evidence at trial all of the other evidence contained in Plaintiffs' Supplemental Responses. Because of the dilatory nature of the Supplemental Responses, the Court finds that this prayer for relief is well taken and must be granted. None of the evidence which was *first propounded* to Ryan's in Plaintiffs' Supplemental Responses will be allowed to be admitted at the trial of this cause. Accordingly, the Motion of Ryan's to Strike Plaintiffs' Supplemental Discovery Responses will be granted in its entirety.

### III. Analysis—Motion of Ryan's to Quash Deposition

Plaintiffs noticed the deposition of one of H. Robbins' treating physicians, Dr. Bruce Senter, for September 23, 2004.[7] Through the subject Motion to Quash Deposition, which was filed with the Clerk of the Court on September 7, 2004, Ryan's seeks to quash said Notice of Deposition. In section II, *supra,* of this Opinion, the Court granted the prayer of Ryan's to strike the designations of all of Plaintiff's treating physician experts, including Dr. Senter. Accordingly, the subject Motion must be granted as well.

### IV. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion of Ryan's to Strike Plaintiffs' Supplemental Discovery Responses [34–1] is hereby granted. In accordance with the holdings presented above, all of Plaintiffs' expert designations are hereby stricken and the Plaintiffs' experts will not be allowed to testify at trial. Also, none of the evidence which was *first propounded* to Ryan's in Plaintiffs' Sup-

---

7. The Notice of Deposition was filed by Plaintiffs with the Clerk of the Court on September 3, 2004, under docket entry no. 30.

plemental Answers [to] Defendant's First Set of Interrogatories and Request for Production will be allowed to be admitted at the trial of this cause.

IT IS FURTHER ORDERED that the Motion of Ryan's to Quash Deposition [32–1] is hereby granted.